BENNETT *v.* GREENWOOD.

1. EVIDENCE—IMMATERIAL EVIDENCE—ADMISSION—HARMLESS ER-
ROR.

That a bundle of papers was introduced in evidence, some of
which had no relation to any issue in the case, does not con-
stitute reversible error where the irrelevant papers had no
tendency to obscure the real issues in controversy or lead the
jury to decide those issues erroneously.

2. SAVING QUESTIONS FOR REVIEW— TRIAL — ARGUMENT — STATE-
MENT AS TO RESULT OF PREVIOUS TRIAL — NECESSITY OF EX-
CEPTION.

A statement on argument as to the result of a previous trial
will not cause reversal where counsel took no exception to
the remark or to the failure of the judge to instruct the jury
not to pay any attention to it.

3. CONTRACTS—ACTION—INSTRUCTIONS—SUPPORT FROM EVIDENCE.

In an action by an architect to recover for furnishing plans
and specifications and supervising the construction of a
building, testimony by plaintiff that defendant took upon
himself the supervision of the building, and in effect directed
the contractors to take their instructions from him rather
than from the plaintiff, supports an instruction authorizing
a verdict for plaintiff for the contract price, though he did
not supervise the construction of the building, if he was pre-
vented by defendant from doing so.

4. SAME.

Testimony by plaintiff that the plans and specifications were
completed before the buildings were started, and that defend-
ant accepted them as satisfactory, supports an instruction
authorizing a verdict for plaintiff if defendant entered upon
the construction of the buildings with the plans substantially
before him.

5. TRIAL—INSTRUCTIONS—BURDEN OF PROOF.

An instruction that plaintiff has got to sustain the burden of
proof, not necessarily in the number of witnesses, but must
satisfy the jury by the testimony that he has the very right
of the case, is not prejudicial to defendant.

6. SAME—SUBMITTING SPECIAL QUESTIONS.

In an action by an architect to recover for services rendered,

defendant preferred a special question whether the agreement sued on was conditional upon the cost of the building. In submitting it the court said that the original agreement may have been modified, and that if defendant knew, or ought to have known,. before he began to build, that the building would cost more, and then used the plans, the jury would be justified in answering the question "No." *Held*, that it was to be presumed that defendant propounded the question in order to get an answer which would be decisive of the controversy, and that the judge's explanation was for the same purpose and was not open to the objection that it told the jury how to answer the question.

Error to Wayne; Hosmer, J. Submitted January 16, 1908. (Docket No. 66.) Decided February 15, 1908.

Assumpsit by Clarence H. Bennett against James H. Greenwood for services rendered. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Devine & Snyder*, for appellant.

*George B. Greening*, for appellee.

CARPENTER, J. Plaintiff is an architect. He brings this suit to recover for preparing and furnishing to defendant certain building plans and specifications and for supervising the construction of said building. The suit was brought in justice's court and there plaintiff obtained judgment. Defendant appealed to the circuit court. On the trial in the circuit many questions arose, which, so far as material to this case, appear in that portion of the opinion relative to the charge of the court. The issue was submitted to the jury and a verdict rendered in plaintiff's favor. Defendant asks a reversal of said judgment upon various grounds.

1. Objections to the introduction of testimony. Plaintiff's counsel introduced in evidence a bundle of papers to show the amount bid for certain parts of the work. In this bundle were some papers having no relation to any issue in this case. It is contended that the introduction

in evidence of these last-mentioned papers constituted reversible error. It is quite clear that these papers should not have been admitted, but we do not think that defendant was prejudiced thereby. They had no tendency to obscure the real issues in controversy or to lead the jury to decide those issues erroneously. We therefore overrule the complaint of defendant under consideration.

2. Remarks of counsel. In his argument to the jury, plaintiff's counsel said:

"We got a verdict in justice's court for—

"*Defendant's counsel:* I object to that statement of counsel and ask that the court instruct the jury not to pay any attention to it.

"*Plaintiff's counsel:* I know I should not have said it, gentlemen; but I could not just help it at that time."

It will be perceived that no exception was taken to the remark of counsel or to the failure of the trial judge to give the instruction referred to. Under these circumstances we decline to consider it. It is no ground for a reversal of the judgment.

3. Charge of the court. (*a*) Plaintiff's contract obligated him to supervise the construction of the building. This obligation he did not perform. He himself testifies that he left the work when it was about half completed. Respecting his right to recover under these circumstances, the trial court charged the jury:

"If, as plaintiff says in this case, * * * you should find that he was prevented in the supervision of the building by the action of the defendant, and the contractors were instructed to take all instructions from the defendant and not from the plaintiff in the case, I think under these circumstances he would be justified in leaving at the time that he did."

Defendant contends that this was erroneous—

"Because there is absolutely no evidence in the case to show that the plaintiff was prevented in the supervision of the building by the defendant, or that the contractors were instructed to take all instructions from the defendant and not from the plaintiff."

It is true no witnesses testify in express terms that defendant prevented plaintiff from supervising the construction of the building, or that the contractors were directed to take all instructions from the defendant. But the evidence in a case consists not only of what is expressly sworn to by witnesses, but it consists also of the inferences that may be drawn from such sworn statements. It is therefore a complete answer to defendant's complaint to say that there was testimony from which the facts stated by the trial judge could be justly inferred. That testimony was furnished by plaintiff himself. He testified that defendant "took upon himself the letting of contracts;" that he (defendant) thought "his judgment better than an architect's;" he "supervised this job;" his "capacity was practically that of supervising architect. He was there all the time bossing the construction and the men and the contractors." If this testimony is true; if defendant took upon himself the supervision of the construction of this building, he certainly prevented plaintiff supervising it, and in effect directed the contractors to take their instructions from him rather than from the plaintiff.

(b) The trial court instructed the jury, at the request of defendant:

"If you find from the evidence the plans made by the plaintiff were to be to the satisfaction of the defendant, and the evidence shows you that the defendant was not satisfied with the plans, * * * there can be no recovery."

He then added:

"But if the plans and specifications were completed and presented to the defendant to act upon, it became his duty either to accept or reject the plans and specifications at that time, and if he entered upon the building upon the property with the plans and specifications substantially before him, then I do not think that he can afterwards be heard to say that after having used them that he did not like them."

Complaint is made to this addition to the request for the reason that—

" There is absolutely no evidence in the case to justify this instruction. Nowhere is there any evidence to show that when defendant entered upon the construction of these buildings he had the plans and specifications substantially before him."

This complaint is also answered by the testimony of the plaintiff. He testified, " the plans and specifications were completed before the buildings were started." Defendant " did accept them as satisfactory." It is true that defendant denies this and testifies that he did not have the specifications until a large portion of the work had been completed. But it is not true, as contended by defendant's counsel, that "this testimony is absolutely uncontradicted." It is contradicted by the testimony of the plaintiff above quoted.

(c) The trial court, after having given a request preferred by defendant to the effect that the burden of proof rested upon plaintiff, added:

" But when I charge you that plaintiff has got to sustain the burden of proof, I do not necessarily mean the number of witnesses, but if from the testimony the plaintiff in this case has satisfied you of the very right of the case, he has sustained the burden of proof, and unless he has done that, gentlemen, of course, he has not."

Defendant complains of this addition. His complaint is without merit. If there was any lack of legal exactness in this addition it was not prejudicial to defendant.

(d) The building cost $14,000. Defendant testified that plaintiff's compensation was conditional upon its cost not exceeding $10,000. Plaintiff denied this. Defendant preferred this special question to the jury: " Was the agreement * * * conditional upon the cost of the building ? " In submitting it the trial court said:

" That the original agreement between the parties may have been modified * * * that is to say * * * that afterwards before he began to build he knew or

ought to have known   *   *   *   that the buildings would have cost more, and then used the plans and specifications, then I think under those circumstances you would be justified in saying ' no ' to the question."

Defendant complains of this instruction upon the ground, as stated in his brief, that it tells the jury what answer they should make to the question. This objection is not well taken. It is to be presumed that defendant propounded this question in order to get an answer which would be decisive of the controversy. The learned trial judge so understood the question, and he undertook to so explain it as to make the answer decisive, and after so explaining it, he did not tell the jury how they should answer it.

During the oral argument of the case defendant's counsel suggested that there was no evidence that defendant knew, or should have known, that the buildings would cost beyond the stipulated sum before he began to build. There is such evidence. The plaintiff testifies that all the talk between defendant and himself was that the buildings would cost from twelve to fourteen thousand dollars, and that after the plans were started he informed defendant that they would cost somewhere about twelve or fifteen thousand dollars.

Other objections are made to the charge. We have examined them. They are entirely lacking in merit, and, like most of those discussed, are answered by proper understanding of the record.

4. Complaint is made because the trial court denied defendant's motion for a new trial. We think his decision was correct. A discussion of the questions involved would be of no service to the parties or to the profession.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MOORE, and McALVAY, JJ., concurred.